220

46 P.3d 516

**ORE–IDA FOODS COMPANY, a wholly-owned subsidiary of H.J. Heinz Company, Plaintiff–Appellant,**

v.

**IDAHO POWER COMPANY, an Idaho corporation, Defendant–Respondent.**

No. 26753.

Supreme Court of Idaho,
Boise, January 2002 Term.

April 24, 2002.

Richardson & O'Leary, Eagle, for appellant. Peter J. Richardson argued.

Blackburn & Jones LLP, Boise, for respondent. Bruce C. Jones argued.

SCHROEDER, Justice.

Ore–Ida Foods (Ore–Ida) brought an action against Idaho Power Company (Idaho Power) as a "tort and breach of contract" case, alleging that Idaho Power fraudulently induced Ore–Ida to execute a special contract for power for Ore–Ida's Ontario, OR., plant, all to Ore–Ida's detriment. Idaho Power maintains that the case is one in which Ore–Ida seeks jurisdiction in Idaho state courts in order to avoid the jurisdiction of the Oregon Public Utilities Commission (OPUC), arguing that this is a "rates" case subject to the authority of the OPUC. The district court dismissed the complaint without prejudice. That decision is affirmed.

I.

## FACTUAL BACKGROUND AND PRIOR PROCEEDINGS

Ore–Ida entered into negotiations with its traditional power supplier, Idaho Power, in 1996 and 1997 concerning power rates. Before that time, Ore–Ida had taken electrical service pursuant to the OPUC's published tariff rate schedule. Departing from prior practice, the parties reached an agreement and signed a three-year contract providing that the amount Ore–Ida paid for power would be variable, depending on anticipated water flows from the Hells Canyon dams and on the cost of purchasing power from other suppliers. The new agreement was subject to OPUC approval, which was granted.

Ore–Ida asserts that Idaho Power made material misrepresentations during the negotiations, upon which Ore–Ida relied. Ore–Ida alleges that Idaho Power assured it of reduced rates for the first two years of the contract and that Idaho Power promised that Ore–Ida would only be at risk for an increase in rates during the third year of the contract. According to Ore–Ida, Idaho Power knew that rates would go up in the second year because it had entered into two long-term power purchases from independent power producers that would affect the rates. Ore–Ida claims the right to recover damages in Idaho courts because the contract was entered into in Idaho and the alleged tortious acts were committed in Idaho.

Idaho Power acknowledges that in 1997 it offered Ore–Ida an agreement based on a schedule approved by the Idaho Public Utilities Commission. Following negotiations, Ore–Ida and Idaho Power entered into a three-year term agreement with the understanding that the rate would be subject to the approval of the OPUC. The OPUC approved the rate proposal on the condition that Idaho Power offer the rate to other, similarly situated customers. The final Tariff Agreement (the Agreement) includes a Power Cost Adjustment (PCA), which is adjusted "based upon market conditions," but primarily based on "hydro conditions." In a good water year costs decrease under the PCA calculation, while in a bad water year, costs increase.

Ore–Ida's rates decreased for the first several months of the Agreement. However, at the annual adjustment, the rates went up. Ore–Ida sought to cancel the Agreement, claiming that Idaho Power failed to inform it of anticipated rate increases because of the power purchase agreements. Idaho Power offered to cancel the Agreement, subject to OPUC approval. The parties submitted a set-aside proposal to the OPUC. The OPUC staff advised against cancellation, stating that the parties should honor their agreement. The parties withdrew the request in December 1998 without obtaining a decision from the OPUC. The following December, Ore–Ida filed this action in district court in Idaho, alleging breach of contract and fraud in the inducement. Idaho Power moved to dismiss the complaint. The district court granted the motion. Ore–Ida appealed.

## II.

### THE DISTRICT COURT PROPERLY DISMISSED THE COMPLAINT WITHOUT PREJUDICE

The parties disagree as to the fundamental nature of the case. Ore–Ida claims that its case is one of contract formation, based on a knowing misrepresentation, asserting that the district court wrongly decided that it sought a refund or rebate of rates. Ore–Ida seeks damages, relying on *Idaho Power Co. v. Cogeneration Inc.*, 129 Idaho 46, 921 P.2d 746 (1996), for the proposition that the district court is the proper forum for utility contract disputes of this nature. Ore–Ida maintains that the district court's finding that alternative remedies from the OPUC exist is erroneous, asserting that OPUC does not have the authority to award damages or attorney fees and that there is no provision allowing the OPUC to adjudicate breach of contract, misrepresentation or fraud cases.

Idaho Power argues, however, that this dispute involves an inherent part of a published tariff approved and regulated by the OPUC, insisting that the avenue of judicial relief is open only to those who have already exhausted administrative remedies. According to Idaho Power, Ore–Ida must seek remedies through the OPUC before taking any other action.

There are compelling reasons to require Ore–Ida to proceed before the OPUC before seeking remedies in court. It falls to the OPUC to make a threshold determination of the remedies, if any, that it may employ if there is merit to Ore–Ida's claim. The Court is ill-equipped to determine the authority exercised by the OPUC and scope of remedies the OPUC may employ. An Idaho court's understanding of that actual authority may differ from the authority possessed and exercised by the OPUC.

Another factor is that the dispute does not implicate only Ore–Ida and Idaho Power. Idaho Power was required to offer the same rate structure to other similarly situated customers. The OPUC has a significant interest in assuring that similarly situated customers are treated the same. Private litigation could have the effect of undermining the rate structure contemplated by the OPUC. At some point in litigation outside the OPUC, there is the potential of private parties or a court writing out the rate structure approved by the OPUC, thereby defeating the policy that all similarly situated customers be treated the same. Regardless of how the case is cast, the result may impinge upon the authority of the OPUC to regulate utilities and establish rational rates for customers.

It was appropriate for the district court to dismiss the complaint without prejudice. In

significant part this is a rate case that should be addressed by the OPUC. Whether there are areas that may be addressed by an Idaho court after a disposition by the OPUC is an issue for another day.

## III.

## CONCLUSION

The decision of the district court dismissing the complaint without prejudice is affirmed. Idaho Power is awarded costs. No attorney fees are allowed.

Chief Justice TROUT, Justices KIDWELL and EISMANN and Justice Pro Tem WESTON concur.